Daniel P. Mensher, OSB #074636
Mark A. Griffin (*Pro Hac Vice*)
Laura R. Gerber (*Pro Hac Vice*)
dmensher@kellerrohrback.com
mgriffin@kellerrohrback.com
lgerber@kellerrohrback.com
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DANICA LOVE BROWN, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>STORED VALUE CARDS, INC. (d/b/a NUMI FINANCIAL); and CENTRAL NATIONAL BANK AND TRUST COMPANY, ENID, OKLAHOMA,<br><br>       Defendants. | No. 3:15-cv-1370-MO<br><br>**PLAINTIFF'S MOTION TO DEFER BRIEFING AND CONSIDERATION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT TO PERMIT DISCOVERY PURSUANT TO THE SCHEDULING ORDER** |

## I. L.R. 7-1 CERTIFICATION

Pursuant to L.R. 7-1(a)(1)(A), the undersigned counsel for Plaintiff Danica Love Brown, certify that the parties made a good faith effort to resolve the disputed issues raised in this motion but were unable to do so.

## II. BACKGROUND

On March 2, 2018, Defendants filed a Motion for Summary Judgment ("Motion"), ECF No. 148, and approximately 44 pages of declarations and exhibits of three witnesses, ECF Nos.

149 and 150. Defendants' Motion purports to address all of Ms. Brown's claims in this prison debit release card case.[1]

What the Motion does not address is the procedural posture of this case. On June 20, 2017, this Court adopted Plaintiff's proposed scheduling order. ECF No. 140. The Order set the discovery schedule for this matter, including the schedule for fact discovery, expert reports, class certification and dispositive motions. On January 16, 2018, the Court extended the discovery schedule pursuant to the parties' joint stipulation. ECF Nos. 147, 145. Pursuant to the extension, fact discovery in the case was not slated to close until April 2, 2018, motions to compel are to be filed by April 23, 2018, Plaintiff must move for class certification by May 25, 2018, and dispositive motions are to be filed by July 9, 2018. On March 7, 2018, the Court granted a limited extension of the fact discovery deadline until April 30, 2018 to accommodate the scheduling needs of third party Multnomah County so that Plaintiff may finish obtaining documentary discovery and take the deposition of Multnomah County. ECF No. 153. Defendants' summary judgment motion raises mixed issues of fact and law as to each of the three claims currently in the case.

On March 16, 2018, the parties jointly moved to extend Plaintiff's deadline to oppose Defendants' Motion for Summary Judgment from March 23, 2018 to April 6, 2018, which the Court granted. ECF Nos. 156-57. The extension was one of professional courtesy, and it does not resolve the fundamental concern that discovery is not complete in this case and that Plaintiff requires additional outstanding discovery to oppose Defendants' pending summary judgment motion. While Defendants are of course free to file a summary judgment motion three months

---

[1] On March 8, 2018, Plaintiff Brown filed a Motion for Leave to Amend to Reinstate Claim Under the Electronic Fund Transfer Act, ECF No. 154. The briefing on the Motion to Amend was complete on April 5, 2018, but until there is a ruling on the Motion, the pleadings in this matter remain open.

earlier than the deadline set in the agreed-upon schedule for the case, they are not free, however, to deprive Plaintiff of the discovery to which she is entitled before such a motion is presented to the Court for decision.

While discovery in the case has been substantial, certain discovery remains outstanding. On March 29, 2018, Plaintiff filed a Motion to Compel Production of Documents and Testimony, specifically concerning Defendants' failure to produce cardholder information and data about cardholders' debit release card fees and transactions. ECF No. 162. As noted in the Motion to Compel, Plaintiff sought this information in her Requests for Production, and Defendants have refused to provide it based on improper objections to class-wide discovery. To the extent however, that Defendants intend to rely on the costs of services in the aggregate (rather than just as to Plaintiff Danica Brown) in their Motion for Summary Judgment, then Plaintiff must be able to obtain this data in order to respond to Defendants' arguments. Further, Defendants themselves identified Multnomah County in their initial disclosures as possessing information relevant to Plaintiff's claims and Defendants' defenses. *See* Griffin Decl. at ¶¶ 4-5, 7-8. Plaintiff just received the document production of Multnomah County on April 4, 2018 and is still in the process of loading and reviewing these documents, and Plaintiff is scheduled to take the Rule 30(b)(6) deposition of Multnomah County on April 26, 2018. Obtaining this discovery from Multnomah County is thus required in order for Plaintiff to supplement her Opposition to Defendants' Motion as it relates to Defendants' Fifth Amendment contentions.  Plaintiff has diligently pursued discovery in this case, and Defendants' premature motion should not deprive her of the opportunity to adequately oppose summary judgment.

### III.    RELIEF REQUESTED

Plaintiff requests relief from the deadline for opposing Defendants' motion for summary judgment, which is currently April 6, 2018. Plaintiff requests that the Court take Defendants'

PLAINTIFF'S MOTION TO DEFER BRIEFING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

motion for summary judgment off calendar until (7) seven days after completion of the Multnomah County Rule 30(b)(6) deposition, or May 3, 2018. If the Court does not wish to extend Plaintiff's opposition deadline, Plaintiff alternately requests that the Court stay its Order on the Motion for Summary Judgment and allow Plaintiff to submit supplemental briefing on May 3, 2018 to include evidence from Multnomah County the pending Motion to Compel.

## IV.    ARGUMENT

This Court's scheduling order plainly contemplates that a comprehensive motion like this would be addressed after the carefully planned discovery is completed. *See* ECF No. 147 (Scheduling Order setting July 9, 2018 as deadline for dispositive motions, a full three months after the close of fact discovery). Federal Rule of Civil Procedure 56(d) allows the nonmoving party to submit an affidavit or declaration requesting the court to defer or deny judgment to allow for appropriate discovery to address matters raised by the motion. *See Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 619 (9th Cir. 2017). In relevant part, the Rule provides that:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it . . . allow time to obtain affidavits or declarations or to take discovery; or . . . issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Rule 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). Deferred consideration of a summary judgment motion under Rule 56(d) "should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003)

(internal quotation marks and citations omitted); *see also Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) ("Although Rule [56(d)] facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the nonmoving party has not had the opportunity to discover information that is essential to its opposition.'" (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986))).

The granting of a Rule 56(d) motion is a routine practice in this Circuit when a non-moving party makes: "(a) timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *Employers Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)); *see also Midbrook Flowerbulbs*, 874 F.3d at 619-20 (same). Only where it is "clear that the evidence sought [is] almost certainly nonexistent or [is] the object of pure speculation" may the Rule 56(d) motion be denied. *VISA Int'l Serv. Ass'n*, 784 F.2d at 1475.

Summary judgment motions must be suspended where a non-moving party has not had opportunity to discover information essential to her opposition. A declaration of Mark A. Griffin recounting the background of the scheduling order, the status of discovery, and the types of facts yet to be discovered and which bear on the motion is attached hereto. However, it is clear enough from contents of the Motion itself and the attachments to it that Defendants' pending summary judgment motion is premature.

A key issue in the motion is whether Defendants' practice of converting cash confiscated

upon an arrestee's booking into a prepaid debit card constitutes a taking under the Fifth Amendment. *See* Defs.' Mot. for Summ. J. at 15-17. Integral to this analysis is the purported benefit the state—in this case, Multnomah County—received by contracting out the traditional governmental service of protecting and returning an arrestee's property. Without the testimony and documentation from Multnomah County, Plaintiff cannot adequately establish this purported state benefit and address whether Plaintiff's funds were taken for "public use" and, as Defendants' initial disclosures state, information in Multnomah County's possession is relevant to the parties' claims and defenses. Plaintiff requested the discovery of Multnomah County prior to Defendants' filing of their early summary judgment motion; she needs discovery to address the following outstanding issues:

1. What property release procedures were in place prior to implementation of the debit release card program, including whether cash was returned to inmates and if so, up to what amount;

2. What procedures were followed if an inmate refused a Numi card;

3. How Defendants market their Numi Card to correctional facilities and counties, and what purported financial benefits they offer;

4. Why Multnomah County decided to contract for arrestee property release services with Defendants;

5. What service Defendants provided arrestees on behalf of the County;

6. What costs the County incurred when protecting and returning property before contracting with Defendants;

7. What costs the County incurs when protecting and returning property while contracting with Defendants for these services;

8. What savings, if any, the County has received by contracting with Defendants for prepaid debit release card services;

9. How the County selected the fees that would be charged to arrestees who receive a Numi Card upon their release from incarceration; and

10. Why the County chose to change the fee schedule associated with Numi Cards issued in the County.

This in turn involves the following factual issues, which are yet to be explored in discovery:

1. How Defendants marketed the Numi Card to County, and what purported benefits it offered to the County;

2. Why the County chose to issue Numi Cards to those in its custody;

3. The true measure of savings, if any, that the County accrues by contracting with Defendants;

4. The services the County offered to arrestees prior to its contract with Defendants;

5. The actual cost to the County to maintain and return arrestees' property prior to its contract with Defendants;

6. The actual cost to the County to maintain and return arrestees' property after entering into its contract with Defendants for the Numi Card program; and

7. How the County selected the particular fee schedule imposed upon Plaintiff and those released from Multnomah County Detention Center and issued a Numi Card.

Similarly, and as stated above, to the extent Defendants intend to rely on the cost of services provided *in aggregate* to claim that Defendants were providing services for the fees charged, Plaintiff requires Defendants' fee and transaction data to rebut these claims. Plaintiff's Motion to Compel seeks this very information, ECF No. 162, and no hearing on this Motion has yet been held. Therefore, any adjudication of the summary judgment motion without it would be premature.

Even in the absence of a scheduling order like the one present here, the courts in the Circuit have routinely deferred consideration of motions for summary judgment under Rule 56(d) in circumstance like this. A continuance is appropriate where, as here, Plaintiff timely requested relief before the close of fact discovery; Defendants have not yet produced all documents responsive to Plaintiffs' requests; and outstanding documents and testimony from Multnomah County are needed for Plaintiff's opposition to summary judgment. *See Atigeo LLC v. Offshore Ltd. D*, No. C13-1694JLR, 2014 WL 1494062, at *3-4 (W.D. Wash. Apr. 16, 2014) (granting Rule 56(d)

motion where plaintiff's supporting declaration was filed prior to the close of discovery, defendant had yet to complete search for requested documents, and third party had yet to be deposed). The information Plaintiff still seeks is also vital to her claims and defenses; Plaintiff requires the time to review the documents from Multnomah County and also to obtain the Rule 30(b)(6) testimony of Multnomah County so as to prepare a full response to Defendants' Fifth Amendment Takings Clause challenge. *See Hiser v. Nevada Dep't of Corr.*, 708 F. App'x 297, 301 (9th Cir. 2017) (granting 56(d) motion where there is "no question" that the needed information exists and where that information would preclude dismissal of plaintiff's claims).

Moreover, Plaintiff has diligently pursued discovery and merely wishes to continue doing so before opposing Defendants' summary judgment motion. After nine depositions (including Rule 30(b)(6) depositions), three requests for production, and countless conferral meetings with Defendants, Plaintiff Brown has diligently pursued discovery. *See Qualls v. Blue Cross of California, Inc.*, 22 F.3d 839, 844 (9th Cir. 1994) (granting of Rule 56(d) motion proper where "movant diligently pursued its previous discovery opportunities, and [where] the movant can show how allowing additional discovery would have precluded summary judgment."). Accordingly, she deserves the ability to finish her fact discovery and adequately oppose Defendants' premature attempt at summary judgment.

## V.    CONCLUSION

Plaintiff respectfully requests that the Court extend the deadline to respond to Defendants' summary judgment motion until May 3, 2018 so Plaintiff is able to conduct the Rule 30(b)(6) deposition of Multnomah County on April 26, 2018, and otherwise complete discovery under the existing case schedule. If the Court does not wish to extend Plaintiff's opposition deadline, she requests that the Court stay its Order on the Motion for Summary Judgment and allow Plaintiff to submit supplemental briefing on May 3, 2018.

DATED this 6th day of April, 2018.

        **KELLER ROHRBACK L.L.P.**

        *s/ Mark A. Griffin*
        Daniel Mensher, OSB #074636
        Mark A. Griffin, *Pro Hac Vice*
        Laura R. Gerber, *Pro Hac Vice*
        1201 Third Avenue, Suite 3200
        Seattle, WA 98101-3052

        **KELLER ROHRBACK L.L.P.**
        Lisa Faye Petak, *Pro Hac Vice*
        801 Garden Street, Suite 301
        Santa Barbara, CA 93101
        Phone: (805) 456-1496
        Fax: (805) 456-1497
        lpetak@kellerrohrback.com

        **BENJAMIN HAILE ATTORNEY AT LAW**
        Benjamin Haile
        P.O. Box 2581
        Portland, OR 97208
        Telephone: (503) 212-4434
        Email: attorneyhaile@gmail.com

        **THE HUMAN RIGHTS DEFENSE CENTER**
        Sabarish Neelakanta, *Pro Hac Vice*
        PO Box 1151
        Lake Worth, FL 33460
        Telephone: (561) 659-1873
        Facsimile: (866) 735-7136

        **GISKAN SOLOTAROFF & ANDERSON LLP**
        Oren Giskan, *Pro Hac Vice Forthcoming*
        11 Broadway - Suite 2150
        New York, New York 10004
        Telephone: (212) 847-8315

        *Attorneys for Plaintiff Danica Love Brown*