IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DANICA LOVE BROWN,** individually and on behalf of all others similarly situated,<br><br>    Plaintiff(s),<br><br>    v.<br><br>**STORED VALUE CARDS, INC.** (d/b/a **NUMI FINANCIAL**); and **CENTRAL NATIONAL BANK AND TRUST COMPANY, ENID OKLAHOMA,**<br><br>    Defendants. | No. 3:15-cv-01370-MO<br><br>OPINION AND ORDER |

**MOSMAN, J.,**

    I have issued a minute order [ECF 244] denying Defendants' Motion for Summary Judgment [ECF 228] as to Plaintiff Danica Love Brown's Electronic Fund Transfers Act ("EFTA") claims. I write further here to explain my rulings on the remaining claims.

## DISCUSSION

    In addition to the EFTA claims, Defendants have moved for summary judgment on Ms. Brown's takings challenge and her two claims under Oregon law.[1]

---

[1] Defendants also ask me to strike or dismiss Ms. Brown's class allegations because members of the putative class are subject to arbitration. I deny this request.

1 – OPINION AND ORDER

I.   **Takings Challenge**

The Ninth Circuit categorized Ms. Brown's takings challenge as a fee-for-services challenge. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 576 (9th Cir. 2020). During oral argument, both sides agreed with this characterization.

The Ninth Circuit remanded with instructions "to determine whether the fees are a 'fair approximation of the cost of benefits supplied.'" *Id.* (quoting *United States v. Sperry Corp.*, 493 U.S. 52, 60 (1989)). As I have consistently stated throughout these proceedings, I do not find this question, based on the record before me, susceptible to summary judgment. A rational jury could determine that these fees exceeded a fair approximation of any benefits supplied.

The Ninth Circuit also stated that "the extent to which the fees were avoidable might be a factor for the district court to consider in the next step of the takings analysis." *Id.* I agree with the D.C. Circuit's reasoning that "[p]urely prospective burdens do not present the same constitutional difficulties as retroactive ones, as the affected parties can take measures to protect themselves against, or at least mitigate, the otherwise resulting loss." *Student Loan Mktg. Ass'n v. Riley*, 104 F.3d 397, 404–05 (D.C. Cir. 1997). In that case, the D.C. Circuit rejected Sallie Mae's takings challenge, in part because Sallie Mae had several options to avoid or mitigate the fee. *Id.*

Ms. Brown argues that whether a potential taking may be avoided is irrelevant, citing *Schneider v. California Department of Corrections*, 345 F.3d 716 (9th Cir. 2003). That case involved inmate trust accounts. *Id.* at 718. An inmate could place personal funds into either a savings account, which paid interest, or a trust account, which did not. *Id.* Inmates sued, alleging that the failure to pay interest on the trust accounts was an unconstitutional taking. *Id.* at 719. The Ninth Circuit agreed it was a taking. *Id.* at 720.

Ms. Brown notes that the inmates could have avoided the taking by placing their funds into a savings account instead. Nevertheless, the Ninth Circuit held that a taking had occurred, a holding Ms. Brown argues supports her position that whether a potential taking is avoidable is irrelevant. I disagree with this reading of *Schneider*. The Ninth Circuit did not squarely address whether an inmate's choice between a savings account and a trust account had any constitutional significance. To the extent Ms. Brown encourages me to read between the lines, I believe the better takeaway from *Schneider* is that a fee must be *reasonably* avoidable. The Ninth Circuit explained in detail the "compelling reasons to establish" a trust account despite the lack of earned interest:

> First, in order to qualify for an interest-bearing account, an inmate is required to maintain [a trust account] with a principal balance of at least $25.00. Second, and more significantly, only those funds placed into [a trust account] are available to the inmate for purchases in the prison canteen, such as for soap and toothpaste.

*Id.* at 718.

At oral argument, counsel for Defendants agreed that the opportunity to avoid a potential taking must be reasonable, not imaginary, but argued that Ms. Brown had had such an opportunity. Counsel explained that Ms. Brown could have avoided the fees by taking one of three actions within five days: withdrawing the funds at a Mastercard-affiliated bank, transferring the balance to her bank account, or asking for cash back from a retailer. In response, Ms. Brown's counsel conceded, multiple times, that Ms. Brown reasonably could have avoided the fees. For purposes of summary judgment, I disagree with both sides.[2]

At this stage of litigation, the issue of whether Ms. Brown could have reasonably avoided the fees within five days must be viewed through the prism of summary judgment. And

---

[2] After oral argument, Ms. Brown attempted to walk back this concession. Pl.'s Suppl. Mem. [ECF 242]. Defendants have asked me to strike that filing. Defs.' Resp. [ECF 243]. Given my ruling, these filings are moot.

3 – OPINION AND ORDER

considering the facts before me in the light most favorable to Ms. Brown, a rational jury could go either way. Thus, summary judgment is inappropriate as to Ms. Brown's takings challenge.

## II.    State Law Claims

Ms. Brown's claims for conversion and unjust enrichment under Oregon law stand or fall with her takings challenge. Since her takings challenge survives, so do her claims under state law.

### A.    Conversion

"To state a claim for conversion, a party must establish the intentional exercise of dominion or control over a chattel that so seriously interferes with the right of another to control it that the actor may justly be required to pay the full value of the chattel." *Emmert v. No Problem Harry, Inc.*, 192 P.3d 844, 850 (Or. Ct. App. 2008). If a jury finds that Ms. Brown could have reasonably avoided the fees, then Defendants did not "seriously interfere" with her money.

Defendants argue that Ms. Brown failed to demand the return of her money and therefore cannot succeed on her conversion claim. When the original taking is lawful, conversion does not occur until plaintiff demands return. *Davis v. F.W. Financial Servs., Inc.*, 317 P.3d 916, 926 (Or. Ct. App. 2013). But "when the act consists of a wrongful taking, . . . there is no necessity for a demand; the defendant's conduct is sufficient to prove the conversion." *Or. Bank v. Fox*, 699 P.2d 1147, 1150 (Or. Ct. App. 1985). Here, the original taking of Ms. Brown's money upon incarceration was lawful. If she had not received her money upon release, then Ms. Brown probably would have had to demand return before suing for conversion. But that is not what happened. Her money was returned (via prepaid card), only to be taken again in the form of fees.

If those fees were not reasonably avoidable, then Defendants committed a wrongful taking, and no demand for return was required.

In sum, Ms. Brown's conversion claim turns on the same factual issue as her takings challenge, and summary judgment is inappropriate.

### B.     Unjust Enrichment

To succeed on an unjust enrichment claim, a plaintiff must prove "(1) a benefit conferred, (2) awareness by the recipient that she has received the benefit, and (3) it would be unjust to allow the recipient to retain the benefit without requiring her to pay for it." *Cron v. Zimmer*, 296 P.3d 567, 577 (Or. Ct. App. 2013). This is not a classic unjust enrichment claim since any benefit conferred is in the form of money.

Applying the *Cron* factors to the facts of this case, the first two prongs are met. Defendants received a benefit in the form of fees, and they were aware that they received the benefit. But the third prong turns on two factual issues, neither of which is susceptible to summary judgment.

First, prong three turns on whether Ms. Brown could have reasonably avoided the fees. If she could have, then it would not be unjust to allow Defendants to keep them. This is the same factual issue present in Ms. Brown's takings challenge and conversion claim, and summary judgment is inappropriate for the same reasons.

Second, and more fundamentally, prong three turns on whether the fees were reasonable. If the fees were a fair approximation of the cost of benefits supplied, then it would not be unjust to allow Defendants to keep them. But, again, I do not find the question of whether the fees involved in this case were reasonable susceptible to summary judgment, as a rational jury could

5 – OPINION AND ORDER

determine that the fees were too high. And if the fees were too high, it would be unjust to allow Defendants to keep any amount exceeding the cost of their services.

Accordingly, summary judgment is inappropriate as to Ms. Brown's claim of unjust enrichment.

## CONCLUSION

For the reasons discussed, I DENY Defendants' Motion for Summary Judgment [ECF 228].

IT IS SO ORDERED.

DATED this  8th  day of January, 2021.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge