**James L. Hiller, OSB #772220**
jhiller@hittandhiller.com
**HITT HILLER MONFILS WILLIAMS LLP**
411 SW Second Avenue, Suite 400
Portland, Oregon 97204
Telephone: (503) 228-5973
Facsimile: (503) 228-4250

**Eric J. Nystrom,** *Pro Hac Vice*
enystrom@foxrothschild.com
**John C. Ekman,** *Pro Hac Vice*
jekman@foxrothschild.com
**Natalie I. Uhlemann,** *Pro Hac Vice*
nuhlemann@foxrothschild.com
**FOX ROTHSCHILD LLP**
City Center, Suite 3600
33 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 607-7000
Facsimile: (612) 607-7100
**Attorneys for Defendants**

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| DANICA LOVE BROWN, individually and on behalf of all others similarly situated,<br>　　　　　　Plaintiff,<br>v.<br>STORED VALUE CARDS, INC., d/b/a NUMI FINANCIAL, and CENTRAL NATIONAL BANK AND TRUST COMPANY, ENID, OKLAHOMA, n/k/a STRIDE BANK, N.A.,<br>　　　　　　Defendants. | Case No. 3:15-cv-1370-MO<br><br>**DEFENDANTS' SUPPLEMENTAL MEMORANDUM REGARDING NECESSARY AND INDISPENSABLE PARTIES** |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM REGARDING NECESSARY AND INDISPENSABLE PARTIES**

i

I. **INTRODUCTION**

Plaintiff asks the Court to certify a nationwide class of anyone who received a card through defendant Stored Value Cards, Inc., d/b/a Numi Financial's ("Numi") prepaid card program, regardless of which partner bank issued the card and imposed the fees. But defendant Central National Bank, n/k/a Stride Bank, N.A. ("CNB") was also named as a party from the inception of this case for a simple reason: the fees comprising plaintiff's actual damages were imposed through her cardholder agreement with CNB. Thus, as the other party to the cardholder agreement, and the party who actually imposed the fees, CNB is a necessary and indispensable party under Rule 19. And just as CNB is a required party to this class action litigating its cardholder agreement and the fees that agreement imposed, so are the other banks whose cardholder agreements plaintiff now (belatedly) seeks to litigate. Plaintiff cannot merely substitute Numi or CNB for the absent banks because neither is joint and severally liable for fees imposed by absent third-party banks' cardholder agreements and those banks' resulting alleged violations of the EFTA.

Plaintiff's recent contention that only Numi is a necessary party is belied by section 1693m(a)(2)(B) of the EFTA. This section caps the statutory damages that are available through serial class actions against the same defendant for the same violation of the statute. Here, Numi has already satisfied the statutory damages cap for ***its*** alleged violation of the EFTA through the *Humphrey* settlement in the Northern District of Ohio. Thus, the only way plaintiff can recover statutory damages in this action is to obtain them from an additional defendant not subject to the statutory damages cap. And while plaintiff may continue to seek recovery as appropriate from CNB, she is not permitted to back-door in claims for statutory violations arising from cardholder agreements with other banks and litigate them in the absence of those banks, particularly when those claims would otherwise be time-barred.

Because neither Numi nor CNB is liable for the EFTA violations of other banks, complete relief to the members of the proposed nationwide class cannot be made with only Numi and CNB as defendants. Indeed, since the absent banks are not named defendants in this action and therefore not responsible for any damages, including the recipients of their cards in the class only dilutes the potential recovery of the other class members.

Since the proposed nationwide class definition requires the presence of absent necessary parties who cannot feasibly be joined, the Court should either decline to certify the proposed class or limit the class to recipients of pre-paid cards issued by defendant CNB.

## II.     FACTS

Numi is a program manager who partners with various banks to provide prepaid card program management services to these banks. (ECF No. 282, Declaration of Brad Golden in Opposition to Plaintiffs' Motion for Certification of Nationwide EFTA Class ("Golden Decl."), ¶ 2.) These prepaid card programs are used by correctional facilities. (*Id.*) Numi is not a bank and does not issue debit cards. (*Id.*)

CNB is Numi's partner bank in this action, and it issued the prepaid cards to the class from June 2013 to March 2016, and it is the entity with whom the Oregon class entered into a cardholder agreement. (*Id.*, ¶ 3.) CNB is separate from and unaffiliated with Numi (*id.* at ¶ 4). CNB has no relationship with any of Numi's other partner banks. (*Id.*, ¶ 6.) Different partner banks have different arrangements with both Numi and with the bank's cardholders. (*Id.*) Each bank also has its own cardholder agreement, each of which is strictly between the bank and the cardholders. (*See id.* at ¶¶ 2, 3.)

Importantly, while plaintiff brought this action against both Numi and CNB, she did not name any other banks as defendants. Thus, the only cardholder agreement implicated by this action is the CNB cardholder agreement. The validity and enforceability of any cardholder agreements

between putative class members and non-party banks has never been litigated in this action, and it is too late to bring in additional banks as defendants due to the EFTA's one-year statute of limitations. *See* 15 U.S.C. § 1693m(g).

### III.     ARGUMENT

**A.     LEGAL STANDARD**

Rule 19(a)(1) requires joinder of a party if the Court would not be able to "accord complete relief" in their absence or if the party "claims an interest relating to the subject of the action" and resolving the case without them would impede their ability to protect that interest or subject an existing party to inconsistent obligations. Fed. R. Civ. P. 19(a).

The "complete relief" described in Rule 19(a)(1)(A) "'is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action.'" *Alto v. Black*, 738 F.3d 1111, 1126 (9th Cir. 2013) (quoting *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004)). "To be 'complete,' relief must be 'meaningful relief as between the parties.'" *Alto*, 738 F.3d at 1126 (quoting *Disabled Rights*, 375 F.3d at 879). When a plaintiff seeks damages, complete relief can be accorded among existing parties if the plaintiff can recover all damages sought from the existing defendant(s). *Ward v. Apple Inc.*, 791 F.3d 1041, 1049 (9th Cir. 2015).

If the court finds that a party is necessary, it must determine whether joinder is feasible. Fed. R. Civ. P. 19(a). If joinder is not feasible, the court evaluates whether "equity and good conscience" require that the litigation proceed among the existing parties. Fed. R. Civ. P. 19(b). The determination of whether a party must be joined under Rule 19 is "heavily influenced by the facts and circumstances of each case." *N. Alaska Envtl. Ctr. v. Hodel*, 803 F.2d 466, 468 (9th Cir. 1986). Rule 19(b) provides four factors for consideration:

>   (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
>   (2) the extent to which any prejudice could be lessened or avoided by:
>
>>   (A) protective provisions in the judgment;
>>
>>   (B) shaping the relief; or
>>
>>   (C) other measures;
>
>   (3) whether a judgment rendered in the person's absence would be adequate; and
>
>   (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id*.

**B.  ALL FEES WERE IMPOSED THROUGH THE CARDHOLDER AGREEMENTS BETWEEN THE BANKS AND THE CARDHOLDERS, MAKING THE BANKS NECESSARY PARTIES FOR DETERMINING ACTUAL DAMAGES.**

Plaintiff has proposed a nationwide damages class comprising only individuals "who incurred fees or charges." (ECF No. 280 at 18.) Therefore, actual damages in the form of fees imposed must be determined for each class member. Numi is a program manager who did not actually impose or assess any fees. The fees were imposed under the respective cardholder agreements between the issuing banks and the cardholders. As such, the relevant partner banks are necessary and indispensable parties in determining actual damages in the form of fees.

The various cardholder agreements between the banks and the class members are contracts. It is fundamental that ***both*** parties are necessary and indispensable parties to an action challenging a contract. As explained by the Ninth Circuit, "a party to a contract is necessary, and if not susceptible to joinder, indispensable to litigation seeking to decimate that contract." *Dawavendewa v. Salt River Project Agr. Improvement and Power Dist.*, 276 F.3d 1111, 1157 (9th Cir. 2002); *see also East West Tea Co., LLC v. Puri*, No. 3:11-cv-01358-HZ, 2021 WL 2209115, at *3 (D. Or. June 1, 2021) (holding certain trustees were necessary parties where "the relief sought in this case

will determine both the scope and validity of the contracts between Plaintiff and the Trustees"); *Kirola v. City of San Francisco*, No. C 07–03685 SBA2011 WL 250070, at *1 (N.D. Cal. Jan. 26, 2011) (rejecting a proposed class definition that sought to enlarge the relevant facilities to include "legally distinct 501(c)(3) non-profit entities . . . [who] may be necessary parties pursuant to Fed. R. Civ. P. 19."); *see generally* 7 Wright & Miller, Fed. Prac. & Proc. Civ. § 1613 (3d ed.) ("In cases seeking reformation, cancellation, rescission, or otherwise challenging the validity of a contract, all parties to the contract usually will have a substantial interest in the outcome of the litigation and their joinder will be required.").

Here, class members' actual damages under the EFTA are limited to those sustained "as a result of" a defendant's failure to "comply with any provision of this subchapter[.]" *See* 15 U.S.C. § 1693m(a). There is no language in section 1693m providing for joint and several liability for the alleged distinct failures of distinct defendants to comply with different provisions of the statute. *See id*. Nor does plaintiff allege joint and several liability in her complaint. (*See* ECF No. 224, Third Am. Compl., at ¶¶ 57, 59 (alleging merely that "Each Defendant" violated the EFTA).) Even to the extent plaintiff contends that Numi played some role in the statutory violations of its partner banks, in order to accord complete relief it would still be necessary to bring those banks in as defendants in order to determine which role was played by Numi, and which roles were played by the banks.

Numi is not liable to plaintiff or any class member under section 1693*l*-1 for the fees imposed because Numi did not impose the fees. Rather, the fees were imposed by the CNB cardholder agreement. Thus, regardless of whether statutory damages may arise against Numi for issuing a card in violation of section 1693i(a), ***actual damages*** to plaintiff in the form of fees imposed by the various Cardholder Agreements resulted strictly from CNB's failure to comply

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM REGARDING NECESSARY AND INDISPENSABLE PARTIES**
5

with section 1693*l*-1, which prohibits "any person" from "impos[ing] a dormancy fee, an inactivity charge or fee, or a service fee[.]" Likewise, actual damages for other class members in the form of fees imposed by other cardholder agreements result solely from the failure of absent third party banks to comply with section 1693*l*-1. Accordingly, even if some class members here can recover the fees they incurred as actual damages from CNB under section 1693*l*-1, the Court cannot fashion complete relief for members of the class whose actual damages result from fees imposed by the cardholder agreements of absent third-party banks.

At bottom, the proposed class definition overreaches and seeks to do indirectly what may not be done directly. Under the proposed class definition, only individuals who suffered actual damages—fees—are class members. As such, defendant CNB, whose cardholder agreement imposed the fees, may be liable to the class for actual damages. But permitting plaintiff to litigate and recover fees imposed solely through the cardholder agreements of absent third parties is both unfair and unworkable. Indeed, the *Humphrey* class definition that plaintiff attempts to emulate here was correctly limited to recipients of cards issued by a named defendant, Republic Bank. *See* No. 1:18-cv-1050, 2018 WL 6011052, at *2 (N.D. Ohio Nov. 16, 2018) (defining class as "persons . . . who . . . were issued a pre-activated debit card ***by Defendants***. . . ." (emphasis added)).

At a minimum, the same limitation should be applied here. Given that no class member may recover any damages from a non-party, adopting plaintiff's proposed class definition not only makes it impossible to accord complete relief to the class, it also does not meaningfully increase the potential monetary recovery for the class. Seemingly, the only purpose it serves is circumventing another equally valid provision of the EFTA, namely, its one-year statute of limitations. *See* 15 U.S.C. § 1693m(g). For these reasons, the proposed class definition is not workable and must be rejected.

C.  **PLAINTIFF MAY NOT OBTAIN FURTHER STATUTORY DAMAGES FROM NUMI, MAKING CNB (AND BY EXTENSION THE OTHER BANKS) NECESSARY PARTIES FOR DETERMINING STATUTORY DAMAGES.**

CNB, and by extension the absent non-party banks whose Cardholder Agreements plaintiff implicates in the proposed class definition, are also necessary parties for any award of statutory damages because no further statutory damages are available from Numi.

Section 1693m(a)(2)(B) explicitly caps a single defendant's statutory liability at the lesser of "$500,000 or 1 per centum of the net worth of the defendant" for "any class action *or series of class actions* arising out of the same failure to comply by the same person[.]" (emphasis added). This language closely tracks a similar provision in the Truth in Lending Act ("TILA"), but differs from the Fair Debt Collection Practices Act ("FDCPA"), which conspicuously does not contain such a cap. Courts comparing these statutes have reasoned and concluded that where the "series of class actions" language is found in a statute, it was intended to "prevent[] possible copycat class actions[.]" *Knight v. Midland Credit Mgmt. Inc*., No. 17-3118, 2019 WL 1516941, at *17 (E.D. Pa. Apr. 5, 2019) (noting Congress's failure to include the "series of class actions arising out of the same failure" language in the FDCPA and concluding on that basis that Congress was less concerned with "copycat" class actions in the context of the FDCPA).

In *Turner v. Beneficial Corp*., a court applied the "series of class actions" statutory language to a TILA claim and concluded that a previous class action settlement with the same defendants concerning the same statutory violation, which exceeded the statutory cap of $500,000, barred the recovery of statutory damages against that defendant in a subsequent class action. 67 F. Supp. 2d 1325, 1330 (M.D. Ala. 1999), *vacated in part on other grounds*, 236 F.3d 643 (11th Cir. 2000). "[T]he court finds that it is bound by the expressed intent of Congress to hold that because the Defendants have already paid the statutory maximum in statutory penalties to a class of plaintiffs pursuant to the state court settlement approved by, enforced, and affirmed upon review

by the state courts, Turner may not proceed on her class claims for statutory damages for the same TILA violation in this court." *Id*.

This case presents a similar fact pattern. Numi was previously a defendant in the *Humphrey* class action, where it was accused of violating the same provisions of the EFTA—sections 1693i(a) and 1693*l*-1—that plaintiff asserts in this action. *See* 2018 WL 6011052 at *1. And the *Humphrey* court approved and entered a settlement in that action in the amount of $550,000, which for at least two reasons constituted statutory penalties rather than actual damages. First, the class definition in *Humphrey* was **not** limited to individuals who actually incurred fees. (*See* Declaration of Eric J. Nystrom in Support of Defendants' Supplemental Memorandum Regarding Necessary and Indispensable Parties ("Nystrom Decl."), Exh. 1 at p. 7, para 2.1.) Thus, as noted by Judge Gwin in the order approving the settlement, the damages were necessarily statutory and calculated without any inquiry into any class member's actual damages. (*Id.*, Exh. 2 at pp. 9, 10.) Second, the *Humphrey* settlement also provided for *cy pres* relief. (*Id*., Exh. 1 at p. 13, para. 5.7.) As the Ninth Circuit has explained, courts resort to *cy pres* relief in lieu of actual damages in the settlement of class actions "where the proof of individual claims would be burdensome." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038 (9th Cir. 2011) (citation omitted). Accordingly, through the *Humphrey* settlement, the *Humphrey* defendants, including Numi, have already been held liable for the maximum amount of statutory penalties. Under section 1693m(a)(2)(B), the class here may not recover any additional statutory damages from Numi.

Here, plaintiff was presumably aware of the EFTA's cap on cumulative statutory damages. And she was certainly aware of the *Humphrey* action and settlement. In reaction to *Humphrey*, plaintiff sought leave to amend her complaint here to re-allege the same EFTA violations asserted in *Humphrey* and, upon remand from the Ninth Circuit, was permitted to do so. (ECF No. 224.)

Plaintiff seemingly understood she could avoid the already-reached statutory damages cap against Numi by seeking statutory damages from another defendant: CNB. Plaintiff could have added additional banks as defendants, or sought leave to amend to add them, but she never did, and it is too late to do so now.

For the same reasons that CNB is necessary in order for plaintiff to recover statutory damages from it, so too would the non-party banks who contracted with and imposed fees upon class members be necessary parties if plaintiff were seeking to recover statutory damages from them. However, because the absent banks are not parties here and cannot be added, plaintiff's maximum statutory damages recovery in this action remains $500,000. Plaintiff has not explained how it serves the interests of the class to dilute each member's recovery by expanding the number of class members without also expanding the amount of available statutory damages.

With only Numi as a defendant, the class has no way to recover statutory damages and, as explained above, also no way to recover actual damages because Numi did not impose the fees. Thus, unless the only purpose of this action is to obtain attorney's fees, plaintiff cannot credibly assert that CNB is not a necessary and indispensable party. And if CNB is necessary and indispensable, so are the other banks who imposed fees on other members of the proposed class.

D. **BECAUSE THE ABSENT BANKS CANNOT BE JOINED, THE COURT SHOULD LIMIT THE CLASS TO PERSONS WHO RECEIVED A DEBIT CARD ISSUED BY DEFENDANT CNB.**

Having established that the absent third-party banks are necessary and indispensable parties, the Court must next determine whether joining them to this action is feasible. Fed. R. Civ. P. 19(b). Here, because the claims against them are time-barred, joinder of the absent third-party banks is not feasible.

Plaintiff asks the Court to certify a class of "persons . . . who . . . had [their] funds returned through a debit card provided by Defendant Stored Value Cards *and/or* its partner bank, Defendant

Central National Bank and Trust Company. . . ." (ECF No. 280 at 18 (emphasis added).) The relevant "reach back" period for these claims is July 22, 2014 through July 22, 2015, the date the complaint was filed. And the statute of limitations for a claim under the EFTA is one year. 15 U.S.C. § 1693(m)(g).

The proposed class definition's use of the phrase "and/or" arguably includes individuals whose prepaid cards were "provided by" Numi, regardless of which partner bank actually contracted with and imposed fees on the class member. But no claims concerning a card "provided by" Numi and any bank other than CNB have been litigated as part of this action. Indeed, the non-party banks were never so much as mentioned until the class certification stage, when plaintiff attempted to join them without actually joining them by including recipients of non-party banks' cards in the proposed class definition.

It is far too late to join the non-party banks to this action. *American Pipe* tolling only extends the statute of limitations with respect to named party-defendants. *See In re Rail Freight Surcharge Antitrust Litig.,* No. 20-00008 (BAH), 2020 WL 5016922, at *18 (D. D.C. Aug. 25, 2020) ("[C]ourts consistently hold that *American Pipe* tolling does not apply to entities or individuals not named as defendants by the putative class."); *Coronel v. Ford Motor Co.*, No. 19-09841 DSF (JEM), 2020 WL 550690, at *2 (C.D. Cal. Feb. 4, 2020) ("[C]lass action tolling does not apply to [a party] which was not a named defendant in that class action."); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944-SC, 2014 WL 1091589, at *15 (N.D. Cal. Mar. 13, 2014) ("*American Pipe* tolling could not apply to Thomson Consumer based on any DPP class action because Thomson Consumer was never named as a defendant in any of those cases"); *Footbridge Ltd. Trust v. Countrywide Fin. Corp.*, 770 F. Supp. 2d 618, 624 n.1 (S.D.N.Y. 2011) ("*American Pipe* tolling does not extend to persons not named as defendants in the prior class

action suit."); *Ballard v. Tyco Int'l Ltd.*, No. 02-MD-1335-PB, 2005 WL 928537, at *3 (D. N.H. Apr. 22, 2005) (declining to extend *American Pipe* to toll claims against a defendant who was not a party to an earlier class action).

Due to the EFTA's statute of limitations, even if the class is defined as plaintiff proposes, the only issuing bank from whom any recovery may be obtained remains CNB. This fails to accord full and complete relief to the class. It follows that the class must either be decertified or the class definition must be modified include only recipients of CNB cards who incurred fees imposed by the CNB Cardholder Agreements. This can be accomplished by replacing plaintiff's proposed phrase "and/or" with "and."

## IV.    CONCLUSION

For these reasons, defendants request that the Court either decertify the class or modify the proposed class definition to exclude recipients of cards from partner banks who are not parties to this action.

Dated: July 27, 2023

**HITT HILLER MONFILS WILLIAMS LLP**

*AND*

**FOX ROTHSCHILD LLP**

By: *s/Eric J. Nystrom*
    James L. Hiller, OSB #772220
    jhiller@hittandhiller.com
    Eric J. Nystrom, *Pro Hac Vice*
    enystrom@foxrothschild.com
    John C. Ekman, *Pro Hac Vice*
    jekman@foxrothschild.com
    Natalie I. Uhlemann, *Pro Hac Vice*
    nuhlemann@foxrothschild.com
*Attorneys for Defendants Stored Value Cards, Inc.,*
*d/b/a Numi Financial and*
*Central National Bank and Trust of Enid, Oklahoma,*
*n/k/a Stride Bank, N.A.*

## CERTIFICATE OF COMPLIANCE WITH L.R. 7-2(B)(2)

I certify that this brief complies with the applicable word-count limitation under L.R. 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 3,463 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of authorities, signature block, and any certificates of counsel.

Dated: July 27, 2023

                                        *s/Eric J. Nystrom*
                                        Eric J. Nystrom, *Pro Hac Vice*
                                        enystrom@foxrothschild.com