IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DANICA LOVE BROWN,** individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**STORED VALUE CARDS, INC.** (d/b/a NUMI FINANCIAL); and **CENTRAL NATIONAL BANK AND TRUST COMPANY, ENID, OKLAHOMA** (n/k/a STRIDE BANK, N.A.),<br><br>Defendants. | No. 3:15-cv-01370-MO<br><br>OPINION AND ORDER |

**MOSMAN, J.,**

Before me is the Parties' supplemental briefing on whether the partner banks of Defendant Stored Value Cards d/b/a Numi Financial ("Numi") are indispensable parties under FRCP 19. For the reasons elaborated below, I find that the partner banks are not indispensable parties.

### BACKGROUND

The parties are intimately familiar with the facts of this matter, which has been ongoing for over eight years. I do not repeat them here.

1 – OPINION AND ORDER

At a hearing on July 13, I granted Plaintiff's Motion for Certification of a National Class. Minutes & Proceedings [ECF 288]. The national class consists of:

> All persons (1) taken into custody at a jail, correctional facility, detainment center, or any other law enforcement facility within the United States, (2) entitled to the return of money confiscated from them or remaining in their inmate accounts when they were released from custody, and (3) who had those funds returned through a debit card provided by Defendant Stored Value Cards and/or its partner bank, Defendant Central National Bank and Trust Company, despite never having requested nor applied for a debit card, within one year prior to the filing of the original Complaint in this action, and during its pendency, and (4) who incurred fees or charges. Those who satisfy these four criteria but who received a debit card from April 1, 2017, to April 30, 2018, and did not opt out of the settlement class in *Humphrey v. Stored Value Cards*, No. 1:18-CV-01050 (N.D. Ohio), are excluded from this class.

*Id.*

After certifying the national class, I determined that one issue remained. The class consists of those who received "a debit card provided by [Numi] and/or its partner bank, Defendant Central National Bank and Trust Company" ("Central"). Numi claims that it partnered with other banks in addition to Central. So, I asked the Parties to brief whether Numi's other partner banks "are indispensable parties and if so, as to what claims, and whether they can be joined to this litigation." *Id.* The Parties have briefed the issue. Plaintiff argues that the partner banks are not indispensable parties. Pl.'s Resp. to Defs.' Supp. Mem. [ECF 291] at 7. Conversely, Defendants argue that the partner banks are indispensable parties. Defs.' Supp. Mem. [ECF 289] at 2.

**LEGAL STANDARD**

When a court decides whether it is required to join a party under FRCP 19, it first determines whether the party is necessary to the action. *Disabled Rts. Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 878 (9th Cir. 2004). Under FRCP 19(a)(1), a party can be necessary in either of two ways: (1) complete relief cannot be granted in the party's absence; or

(2) the party has an interest in the action and the party's absence will (a) "impair or impede" its ability to protect its interest or (b) expose an existing party "to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. Pro. 19(a)(1)(A) and (B).

If the court finds that a party is necessary, it must then determine whether joinder of the party is feasible. If it is not feasible, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. Pro. 19(b). If the court determines that the action cannot proceed in equity and good conscience without joinder, then the party is indispensable, and the court should dismiss the action.

## DISCUSSION

Defendants argue that the partner banks are indispensable parties because Plaintiff cannot obtain complete relief without them. Complete relief "is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." *Disabled Rts.*, 375 F.3d at 879 (citing *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983)). A party is necessary if the party's absence "would preclude the [court] from fashioning meaningful relief as between the parties." *Id.*

I. **Recovery of Full Extent of Actual Damages**

Defendants first argue that the partner banks are needed to afford Plaintiff complete relief because she cannot recover the full extent of actual damages without the partner banks for two reasons. Defs.' Supp. Mem. at 4. First, Defendants argue that the cardholder agreements between the partner banks and cardholders imposed the fees. *Id.* This means, according to Defendants, the partner banks are needed to determine actual damages because the court will be unable to provide complete relief for class members whose damages resulted from fees imposed by the

3 – OPINION AND ORDER

cardholder agreements of absent partner banks. *Id.* at 5–6. Second, Defendants argue that because Plaintiff is challenging the terms of the cardholder agreements, which are contracts, all parties to the contract—meaning, the partner banks—must be part of the lawsuit. *Id.* at 4.

Although Defendants are correct that the absence of partner banks might result in a smaller recovery for Plaintiffs, a smaller recovery than possible is not the same as incomplete relief under FRCP 19. Complete relief "is concerned only with 'relief as between the persons already parties, not as between a party and the absent person whose joinder is sought.'" *Eldredge v. Carpenters 46 N. Cal. Cntys. Joint Apprenticeship & Training Comm.*, 662 F.2d 534, 537 (9th Cir. 1981) (citing 3A Moore's Federal Practice P 19.07-1(1) at 19–128 (2d ed. 1980)). Plaintiff only seeks to recover damages from Defendants in relation to Defendants' violations of the Electronic Funds Transfer Act ("EFTA"). Because Defendants are liable on their own for their violations, Plaintiff can obtain complete relief for Defendants' violations from Defendants. Therefore, it not necessary to join the other partner banks.

Likewise, Defendants' contract argument is misplaced. To begin, there is no contract claim at issue here. Plaintiffs only allege claims under the EFTA. Furthermore, I already found that the class members were not obligated to arbitrate their claims because they did not mutually assent to the cardholder agreements. *See* O & O Denying Mot. to Compel [ECF 263]; Mins. of Proceedings Certifying Nat'l Class [ECF 288]. In other words, the class members never entered a valid contract with Defendants or the partner banks. In sum, there is no contract claim at issue that would require joinder of the partner banks.

## II. Statutory Damages Cap

Defendants next argue that the partner banks are needed to afford Plaintiff complete relief because Plaintiff cannot recover statutory damages from Numi because it satisfied the statutory

damages cap in *Humphrey v. Stored Value Cards*, No. 1:18-cv-1050 (N.D. Ohio). Defs.' Supp. Mem. at 7.

Section 1693m(a)(2)(B) of the EFTA caps statutory damages in "any class action or series of class actions" at $500,000. In *Humphrey*, Numi settled for $550,000. Defendants claim that the settlement constituted statutory damages because (1) the class definition was not limited to individuals who actually incurred fees, and (2) the settlement provided for *cy pres* relief. Defs.' Supp. Mem. at 8.

Contrary to Defendants' argument, Numi has not satisfied the statutory damages cap. Section 1693m of the EFTA makes available three kinds of damages/awards: (1) actual damages; (2) statutory damages not more than the lesser of $500,000 or one percent of the defendant's net worth; and (3) attorney fees. The settlement in *Humphrey* does not specify whether it falls under actual damages, statutory damages, or a combination of the two. *See* Decl. of Eric J. Nystrom Ex. 2 [ECF 290-2] at 5. The settlement merely notes that it creates a $550,000 "fund" to pay class members, costs, attorney fees, and a representative fee. *Id.* Indeed, after fees and costs are deducted, only about $87,000 remain for class members. *Id.* As such, even if the *Humphrey* settlement were characterized as statutory damages, Numi is still potentially liable for over $400,000 in statutory damages. Defendants' statutory damages argument fails.

## CONCLUSION

For the foregoing reasons, I find that the partner banks are not indispensable parties under FRCP 19.

IT IS SO ORDERED.

DATED this __29__ day of September, 2023.

*Michael W. Mosman*
MICHAEL W. MOSMAN
Senior United States District Judge

6 – OPINION AND ORDER